PEOPLE v OLSON

Docket No. 116062. Submitted October 3, 1989, at Grand Rapids. Decided December 4, 1989. Leave to appeal applied for.

Thomas J. Olson was charged with negligent homicide arising out of a death caused by the negligent operation of his motor vehicle. Defendant moved in Kent Circuit Court for dismissal of the charge on the basis that the negligent homicide statute was unconstitutional in that it permitted the imposition of a criminal penalty without the necessity of any finding of criminal intent, thereby violating defendant's constitutional right to due process of law. The trial court, Robert A. Benson, J., granted defendant's motion and dismissed the charge. The prosecution appealed.

The Court of Appeals *held:*

The Legislature has the power to define a crime without regard to the presence or absence of criminal intent or culpability in its commission, provided that the penalty imposed is not too severe. The two-year prison sentence that can be imposed upon conviction under the Michigan negligent homicide statute cannot be said to be too severe a punishment for an act resulting in the death of another; accordingly, the Michigan statute is a constitutional exercise of the Legislature's police powers.

Reversed and remanded for trial.

1. Criminal Law — Statutory Crimes — Culpability.

The Legislature has the power to define a crime without regard to the presence or absence of criminal intent or culpability in its commission.

2. Homicide — Negligent Homicide — Constitutional Law.

The Michigan negligent homicide statute which makes the negligent operation of a vehicle which results in the death of another a misdemeanor punishable by a prison term of not

References

Am Jur 2d, Automobiles and Highway Traffic §§ 324 *et seq.*; Criminal Law §§ 10 *et seq.*, 130.

What amounts to negligence within meaning of statutes penalizing negligent homicide by operation of motor vehicle. 20 ALR3d 473.

more than two years is not an unconstitutional deprivation of the accused's right to due process of law even though it imposes criminal sanctions without there having to be a finding of criminal intent (MCL 750.324; MSA 28.556).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Varnum, Riddering, Schmidt & Howlett* (by *Judy E. Bregman*), for defendant.

Before: WAHLS, P.J., and GRIBBS and R. B. BURNS,* JJ.

R. B. BURNS, J. The prosecution appeals from an order of the Kent Circuit Court which dismissed this case on the ground that Michigan's negligent homicide statute, MCL 750.324; MSA 28.556, is unconstitutional. The court concluded that the statute violates due process because it imposes substantial criminal penalties for an act of ordinary negligence, thus making a defendant criminally liable without having any intent to commit a crime. The sole issue on appeal is the constitutionality of this statute. We reverse and remand for a trial.

This case arose out of an automobile accident which occurred on February 2, 1988. Defendant drove his pickup truck through a red light, striking the automobile of Charles McPhilamy. Mr. McPhilamy's wife, Harriet, who was a passenger in the automobile, subsequently died from injuries resulting from the collision.

As stated previously, the sole issue on appeal is whether Michigan's negligent homicide statute,

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

MCL 750.324; MSA 28.556, is unconstitutional because it violates due process by permitting criminal liability to be premised on an act of ordinary negligence, i.e., because it permits the imposition of criminal sanctions without a finding of criminal intent. The statute in question reads as follows:

> Any person who, by the operation of any vehicle upon any highway or upon any other property, public or private, at an immoderate rate of speed or in a careless, reckless or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of a misdemeanor, punishable by imprisonment in the state prison not more than 2 years or by a fine of not more than $2,000.00, or by both such fine and imprisonment.

In *People v McMurchy,* 249 Mich 147, 162; 228 NW 723 (1930), the Court, in interpreting this statute, stated:

> [T]he legislature, in the exercise of its police power in order to preserve the health, morals, and safety, may constitute something to be a crime that theretofore was not criminal. It may impose a criminal responsibility for a tort that theretofore carried with it only civil liability.

The following corollary to that principle was articulated by a panel of this Court in *People v McKee,* 15 Mich App 382, 385; 166 NW2d 688 (1968):

> The Legislature has the power to define a crime without regard to the presence or absence of criminal intent or culpability in its commission.

Interestingly enough, the *McKee* case cites *United States v Morissette,* 342 US 246; 72 S Ct 240; 96 L

Ed 288 (1952), in a footnote, which is one of the cases relied on by defendant.

Defendant argues that the power of the Legislature is not without limits. To support that argument defendant turns to *Morissette, supra.* In that case the Supreme Court overturned the conviction of a defendant who had been charged under a federal statute making it a criminal offense to embezzle, steal, purloin or knowingly convert government property. The defendant had been charged with knowingly converting for his own use property belonging to the United States. The defendant had retrieved and sold some spent bomb casings on an old practice bombing range located on a large tract of uninhabited and untilled land in a wooded and sparsely populated portion of the State of Michigan. It was also a piece of land which, although it bore "no trespassing" signs, was consistently and habitually used by a large number of deer hunters. Morissette, thinking that the casings had been abandoned, freely and openly took some, which he then sold for scrap, receiving $84. The trial judge, reading the statute which imposed liability as not requiring any mens rea or scienter, refused to instruct the jury on Morissette's contention that he thought the property was abandoned and that he had no intention of depriving the government of anything which belonged to it. The judge instead instructed the jury that, if Morissette intended to take the property and did take it, he was guilty, regardless of his lack of criminal intent. The Supreme Court reversed, construing the language in the statute to require proof of intent. The Court based its decision on the premise that, because it would be unconstitutional not to require an intent, the Congress must have meant to include it.

The *Morissette* Court's interpretation makes

sense for that type of case. Defendant was charged with conversion by taking something for his own purpose that belonged to the United States government; his defense was that he thought the government had abandoned the property and he did not intentionally convert it for his own use.

The United States Court of Appeals for the Sixth Circuit, in the case of the *United States v Wulff,* 758 F2d 1121 (CA 6, 1985), applied the *Morissette* reasoning to a malum prohibitum act and found it wanting in constitutional validity. The act provided a substantial penalty without any requirement of scienter or mental intent. In that case, the district court judge had dismissed an indictment which charged the defendant with offering to sell migratory bird parts in violation of a federal statute. The Sixth Circuit held that the felony provision of the Migratory Bird Treaty Act, 16 USC 703 *et seq.,* which makes the sale of migratory bird parts a felony but does not require proof of scienter, violated due process since the maximum penalty of imprisonment for two years or a fine of $2,000 is severe and since a felony conviction irreparably damages one's reputation. The Sixth Circuit relied on the earlier case of *Holdridge v United States,* 282 F2d 302 (CA 8, 1960), from which it extrapolated the proper constitutional test:

> The elimination of the element of criminal intent does not violate the due process clause where (1) the penalty is relatively small, and (2) where conviction does not gravely besmirch. [*Wulff, supra,* p 1125.]

It would appear that the federal courts hold that a legislative body may eliminate the element of intent in a criminal statute, but in so doing should not make the penalty too severe.

Let's return to the Michigan negligent homicide statute, which reads, again, as follows:

Any person who, by the operation of any vehicle upon any highway or upon any other property, public or private, at an immoderate rate of speed or in a careless, reckless or negligent manner, but not wilfully or wantonly, shall *cause the death of another,* shall be guilty of a *misdemeanor,* punishable by imprisonment in the state prison not more than 2 years or by a fine of not more than $2,000.00, or by both such fine and imprisonment. [Emphasis added.]

In cases brought under this statute, negligence has caused the death of another human being. Is the penalty too severe? What would Mr. McPhilamy say? We do not think the penalties are too severe in such cases and hold that the statute is constitutional.

In our opinion, the law of the State of Michigan was set forth in *McMurchy, supra,* and has not changed.

Reversed and remanded for trial. We do not retain jurisdiction.